IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maya Wilkes, on behalf of herself and all others similarly situated, | ) ) ) ) | Civil Action No. 2:22-cv-_____ |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COMPLAINT** **(FLSA Collective Action/Class Action** |
| McLeod Healthcare Network, LLC, | ) ) | **under the S.C. Payment of Wages Act)** |
| Defendant. _____ | ) ) ) | **Jury Trial Requested** |

**COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Maya Wilkes brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (hereinafter "Plaintiff and the Putative Collective and Class Members") and who worked for McLeod Healthcare Network, LLC ("McLeod" or "Defendant"), anywhere in the United States, at any time within three years prior to joining this lawsuit (the FLSA Collective) and/or who worked for McLeod, anywhere in South Carolina, within three years prior to the date of the filing of this action (the South Carolina Class), through final disposition of this matter, to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and the South Carolina Payment of Wages Act ("SCPWA" or "South Carolina Act"), S.C. CODE ANN. §§ 41-10-10, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the South Carolina state law claims are asserted as a class

action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of South Carolina, and FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective and Class Members are those hourly employees who are responsible for assisting patients in McLeod facilities, anywhere in the United States, at any time within three years prior to joining this lawsuit (the FLSA Collective) and/or who worked for McLeod, anywhere in South Carolina, within three years prior to the date of the filing of this action (the South Carolina Class), through final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and/or federal law.

3. Although Plaintiff and the Putative Collective and Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective and Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, McLeod knowingly and deliberately failed to compensate Plaintiff and the Putative Collective and Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5.      Specifically, McLeod's regular practice—including during weeks when Plaintiff and the Putative Collective and Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective and Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6.      The effect of McLeod's practices was (and continues to be) that all time worked by Plaintiff and the Putative Collective and Class Members was not (and is not) counted and paid; thus, McLeod has failed to properly compensate Plaintiff and the Putative Collective and Class Members for all hours worked under the FLSA and/or South Carolina law and has failed to properly compensate them the proper amount of overtime under the FLSA.

7.      Plaintiff and the Putative Collective and Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8.      Plaintiff and the Putative Collective and Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages, including straight-time not recovered under the FLSA, and other damages owed under the SCPWA as a class action pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff also prays that all similarly situated workers (Putative Collective and Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Wilkes designated herein be named as the Class Representative for the South Carolina Class.

## II.
## THE PARTIES

11. Plaintiff Maya Wilkes ("Wilkes") was employed by McLeod in South Carolina during the relevant time period. Plaintiff Wilkes did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly employees who were employed by McLeod, anywhere in the United States, and at any time within three years prior to joining this lawsuit, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wilkes worked and was paid.

13. The South Carolina Class Members are those current and former hourly employees who were employed by McLeod in South Carolina, at any time within three years prior the date of filing of this matter, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wilkes worked and was paid.

14. Defendant McLeod Healthcare Network, LLC ("McLeod") is a domestic limited liability company, licensed to and doing business in the state of South Carolina. McLeod Healthcare Network, LLC may be served through its registered agent for service of process: **Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169**.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional South Carolina state

---

[1] The written consent of Maya Wilkes is attached hereto as Exhibit "A."

law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18.     This Court has personal jurisdiction over McLeod because the cause of action arose within this district as a result of McLeod's conduct within this District and Division.

19.     Venue is proper in the District of South Carolina because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20.     Specifically, McLeod's corporate headquarters are in Florence, South Carolina, and Plaintiff Wilkes worked in Florence, South Carolina throughout her employment with McLeod, all of which is located within this District and Division.

21.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

22.     Defendant McLeod Healthcare Network, LLC is an integrated health care network, comprised of seven hospitals which provide healthcare services to its patients throughout the State of South Carolina.[2]

23.     To provide its services, McLeod employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class.

24.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout McLeod's facilities in South Carolina.

25.     Plaintiff Wilkes was employed by McLeod in Florence, South Carolina from approximately December of 2020 until March of 2021.

---

[2] https://www.mcleodhealth.org/about-us/.

26. Plaintiff and the Putative Collective and Class Members are (or were) hourly employees subject to an automatic meal break deduction each day.

27. Importantly, none of the FLSA exemptions relieving a covered employer (such as McLeod) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective and Class Members.

28. Moreover, Plaintiff and the Putative Collective and Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of McLeod resulting in the complained of FLSA and SCPWA violations.

29. Plaintiff and the Putative Collective and Class Members typically worked over forty (40) hours per week.

30. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective and Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

*Unpaid Meal Breaks*

31. McLeod has a policy wherein it automatically deducts at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Collective and Class Members' daily time.

32. Non-exempt employees, such as Plaintiff and the Putative Collective and Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work eight (8) or fewer hours in a day.

33. McLeod will deduct one full hour for a meal period from Plaintiff and the Putative Collective and Class Members' hours worked if they work more than eight (8) hours in a day.

6

34. Moreover, McLeod does not completely relieve Plaintiff and the Putative Collective and Class Members from duty during their day for the purposes of taking a meal break.

35. Plaintiff and the Putative Collective and Class Members are required to perform duties, whether active or inactive, during all hours of their shift and frequently are unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

36. McLeod was (and continues to be) aware that Plaintiff and the Putative Collective and Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the SCPWA.

37. McLeod's systematic deduction of 30-minute to one hour meal periods from Plaintiff and the Putative Collective and Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective and Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the SCPWA.

38. McLeod's systematic deduction of 30-minute to one hour meal periods from actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Collective and Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and SCPWA.

39. As a result of McLeod's failure to compensate Plaintiff and the Putative Collective and Class Members for performing work "off-the-clock," Plaintiff and the Putative Collective and Class Members worked straight time hours and overtime hours for which they were not compensated.

40. McLeod knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Collective and Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Collective and Class Members in violation of the FLSA.

41. McLeod knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective and Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective and Class Members.

42. McLeod knew or should have known that causing and/or requiring Plaintiff and the Putative Collective and Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective and Class Members.

43. Because McLeod did not pay Plaintiff and the Putative Collective and Class Members time and a half for all hours worked in excess of forty (40) in a workweek, McLeod's pay policies and practices willfully violate the FLSA.

44. Because McLeod did not pay Plaintiff and the Putative Collective and Class Members for all straight-time hours worked, McLeod's pay policies and practices also willfully violate the SCPWA.

# V.
# CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

45. Paragraphs 1–44 are fully incorporated herein.

46. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR MCLEOD HEALTHCARE NETWORK, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME WITHIN THREE (3) YEARS PRIOR TO JOINING THIS LAWSUIT THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO THE AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

47. At all times hereinafter mentioned, McLeod has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, McLeod has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, McLeod has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. Specifically, McLeod operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9

51. During the respective periods of Plaintiff and the FLSA Collective Members' employment by McLeod, these individuals provided services for McLeod that involved interstate commerce for purposes of the FLSA.

52. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted McLeod's customers and employees throughout the United States. 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of McLeod.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

57. McLeod violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt

employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

58. Moreover, McLeod knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

59. McLeod knew or should have known its pay practices were in violation of the FLSA.

60. McLeod is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted McLeod to pay them according to the law.

62. The decision and practice by McLeod to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

63. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of McLeod's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

66. Other similarly situated employees of McLeod have been victimized by McLeod's patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 46.

68. McLeod's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of McLeod's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and McLeod will retain the proceeds of their violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 46.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the SCPWA)**

A.   **SCPWA COVERAGE**

76. Paragraphs 1-75 are incorporated as though fully set forth herein.

77. The South Carolina Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR MCLEOD HEALTHCARE NETWORK, LLC, ANYWHERE IN THE STATE OF SOUTH CAROLINA, AT ANY TIME WITHIN THREE (3) YEARS PRIOR TO THE DATE OF THE FILING OF THIS MATTER THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO THE AUTOMATIC MEAL BREAK PAY DEDUCTION ("South Carolina Class" or "South Carolina Class Members").**

78. At all times hereinafter mentioned, McLeod has been an "employer" as defined by the SCPWA. S.C. CODE ANN. § 41-10-10(1), because it employs individuals in the State of South Carolina.

79. At all times hereinafter mentioned, McLeod has employed, and/or continues to employ, Plaintiff Wilkes and the South Carolina Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. CODE ANN. §§ 41-10-10 to 110.

80. Plaintiff Wilkes and the South Carolina Class Members are "employees" within the meaning of the SCPWA and are not free from the control and direction of McLeod.

B.   **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE SCPWA**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. McLeod owes Plaintiff Wilkes and the South Carolina Class Members "wages," as defined in the SCPWA, to compensate them for labor rendered to McLeod. *See* S.C. CODE ANN. § 41-10-10(2).

83. The SCPWA requires employers, like McLeod, to "notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment" and the "employer shall furnish each employee with an itemized statement showing his gross pay and the deductions made from his wages for each pay period." S.C. CODE. ANN. § 41-10-40(C).

84. The SCPWA also provides an employer, like McLeod, "shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law." S.C. CODE. ANN. § 41-10-40(C).

85. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. CODE. ANN. § 41-10-30(A).

86. In violation of the SCPWA, McLeod willfully failed to provide Plaintiff Wilkes and the other South Carolina Class Members, at the time of their hiring, proper notice of the normal hours and wages agreed upon and the time and place of payment, nor did McLeod provide them with compliant wage statements for each of their pay periods as required by law.

87. McLeod also willfully failed to pay Plaintiff Wilkes and the South Carolina Class Members all compensation for "wages" due and owing to them, in violation of the SCPWA. *See* S.C. CODE. ANN. § 41-10-10(2).

88. Additionally, McLeod failed to provide Plaintiff Wilkes and the South Carolina Class Members with at least seven days' advance written notice of the deductions or the amounts of the deductions that it made to their paychecks.

89. McLeod has withheld wages of Plaintiff Wilkes and the South Carolina Class Members without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

90. In violating the SCPWA, McLeod acted willfully, without a good faith basis, and with reckless disregard of clearly applicable South Carolina law.

91. As a direct and proximate result of McLeod's willful conduct, Plaintiff Wilkes and the South Carolina Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to the SCPWA. S.C. CODE. ANN. § 41-10-80. McLeod is in possession and control of necessary documents and information from which Plaintiff Wilkes would be able to precisely calculate damages.

92. The proposed class of employees, i.e. Putative Collective and Class Members sought to be certified pursuant to the SCPWA, is defined in Paragraph 77.

93. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of McLeod.

**C.     SCPWA CLASS ALLEGATIONS**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. Plaintiff Wilkes brings her SCPWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by McLeod who worked in South Carolina at any time within three (3) years prior to the date of the filing of this action through the date of final disposition of this matter.

96. Class action treatment of Plaintiff Wilkes's SCPWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

97. The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

98. Plaintiff Wilkes is a member of the South Carolina Class, her claims are typical of the claims of other South Carolina Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other South Carolina Class Members.

99. Plaintiff Wilkes and her counsel will fairly and adequately represent the South Carolina Class Members and their interests.

100. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

101. Accordingly, the South Carolina Class should be certified as defined in Paragraph 77.

## VI.
## RELIEF SOUGHT

102. Plaintiff Wilkes respectfully prays for judgment against McLeod as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 46;

   b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding McLeod liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA

Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order certifying the South Carolina Class as defined in Paragraph 77 and designating Plaintiff Wilkes as the Class Representative of the South Carolina Class.

   e. For an Order pursuant to the SCPWA awarding the South Carolina Class Members damages for unpaid wages, treble damages, and all other damages allowed by law;

   f. For an Order awarding the costs of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff Wilkes a service award as permitted by law;

   j. For an Order compelling the accounting of the books and records of McLeod, at McLeod's expense; and

   k. For an Order granting such other and further relief as may be necessary and appropriate.

FALLS LEGAL, LLC

s/ J. Scott Falls
J. Scott Falls
Federal I.D. No.  10300
Email:  scott@falls-legal.com
s/ Ashley L. Falls
Federal I.D. No. 12083
Email:  ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Charleston, South Carolina 29492
Telephone: (843) 737-6040
Facsimile:  (843) 737-6140

ANDERSON ALEXANDER, PLLC

Clif Alexander*
Texas Bar No. 24064805
Email:  clif@a2xlaw.com
Austin W. Anderson*
Texas Bar No. 24045189
Email:  Austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, TX  78401
Telephone:  (361) 452-1279
Facsimile:   (361) 452-1284

**Pro Hac Vice* Applications Forthcoming

Counsel for Plaintiff Maya Wilkes, on behalf of herself and all others similarly situated

Charleston, South Carolina

January 6, 2022

# EXHIBIT A

# Maya Wilkes Consent to Join

**CONSENT TO JOIN**

I agree to join the lawsuit *Maya Wilkes v. McLeod Healthcare Network, LLC*, or any other action that is filed against Defendant and/or related entities, to pursue owed wages under the Fair Labor Standards Act and/or the South Carolina Payment of Wages Act. I hereby designate Falls Legal, LLC and Anderson Alexander, PLLC to represent me and make decisions on my behalf concerning the litigation and any settlement. I authorize the law firms and attorneys above to use this consent to file my claim in a separate lawsuit, class/collection action, or arbitration against the company. I consent to be bound by the Court's decision in this matter.

Name: __Maya wilkes_____ (print your name)

Signature: __*(signed)* Maya wilkes (Jan 5, 2022 21:40 EST)_____

Date: __Jan 5, 2022_____