# **EXHIBIT 2**

# Declaration of J. Scott Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Caroline Perry, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. 4:22-cv-00061-JD |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **DECLARATION OF J. SCOTT FALLS IN SUPPORT OF MOTION FOR APPROVAL OF FLSA SETTLEMENT** |
| McLeod Healthcare Network, LLC, | ) ) ) | |
| Defendant. | ) ) | |

I, J. Scott Falls, pursuant to 29 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the managing partner and owner of Falls Legal, LLC, which focuses on representing employees in a wide variety of employment matters, including individual and class and collective action cases that involve discrimination, civil rights, and wage and hour claims.

2. I am an attorney in good standing and have been admitted to practice in South Carolina since 2008. I am admitted to practice before the United States District Court for the District of South Carolina and the United States Court of Appeals for the Fourth Circuit.

3. I have primarily represented employees in employment litigation and other employee rights matters during the past fifteen years. I have served as plaintiffs' counsel in many complex collective and class actions involving wage and hour claims brought under the Fair Labor Standards Act ("FLSA") and the South Carolina Payment of Wages Act ("SCPWA"), as well as disparate impact class action cases brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). I have also represented many employees in single plaintiff employee rights and civil rights cases.

4. I am an active member of the National Employment Lawyers Association ("NELA"), a national plaintiff's employment law organization, and regularly attend the NELA national conference each year and the NELA wage and hour conferences when they are held. I am also a member of the Employment and Labor Law Section of the South Carolina Bar.

5. I regularly attend and speak at other conferences and CLE's on wage and hour and other employment law matters. For example, I spoke at the 2018 South Carolina Bar Convention on a panel entitled "Perspectives in Litigating FLSA Collective Actions."

6. I am a frequent author on wage and hour and other employment law topics. For example, I wrote the "South Carolina Payment of Wages Act" chapter for the Fifth Edition of *Labor and Employment Law for South Carolina Lawyers*, 2019, and recently completed the 2024 Supplement to the same, which is scheduled to be released next year. *Labor and Employment Law for South Carolina Lawyers* is a comprehensive guide for South Carolina lawyers covering every major aspect of both federal and South Carolina labor and employment law, published by the South Carolina Bar. I also authored the South Carolina chapter of *Wage and Hour Laws: A State-by-State Survey*, Third Edition 2018 Supplement, Third Edition 2019 Supplement, Fourth Edition released in 2020, Fourth Edition 2021 Supplement, Fourth Edition 2022 Supplement, and recently completed the Fifth Edition, which is scheduled to be released later this year. *Wage and Hour Laws: A State-by-State Survey* is the leading treatise on state-based wage and hour and mandatory leave laws, published by the American Bar Association Section of Labor and Employment Law and Bloomberg BNA Books.

7. I have also published various articles on matters relating to employment law for South Carolina Lawyer Magazine and the South Carolina Bar Employment and Labor Law Section Newsletter. For example, I authored an article entitled "*Navigating the FMLA Minefield:*

*Seven Common Mistakes Employers Make*," which was published as the cover story of the January 2014, South Carolina Lawyers Magazine. I also wrote an article entitled "*Fourth Circuit Broadens Definition of Disability under the ADAAA to Include Temporary Impairments*," which was published in the Spring 2014 South Carolina Bar Employment and Labor Law Section Newsletter.

8. I have tried several cases, both in state and federal court, and have obtained verdicts in a number of cases, including a jury verdict against one of the largest hospitals in South Carolina in the amount of $650,000 in a Title VII case alleging retaliation, discrimination, and harassment on the basis of national origin and race. *Young v. Roper St. Francis Healthcare,* No. 2:12-cv-2337, ECF 138 (Dec. 5, 2014).

9. I have also successfully handled appeals in employment cases before the Fourth Circuit Court of Appeals and the South Carolina Court of Appeals. *See, e.g., Weckesser v. Knight Enters. S.E., LLC*, 735 F. App'x 816 (4th Cir. 2018) (appeal and oral argument in class and collective action brought under FLSA and SCPWA); *Mikals v. House*, No. 2015-UP-415, 2015 S.C. App. Unpub. LEXIS 497 (Ct. App. Aug. 12, 2015) (appeal of order dismissing action brought by employer against employee).

10. I have served as class counsel in many wage and hour collective and class action cases in the District of South Carolina. *See, e.g., Haynes v. S. Carolina Waste LLC*, 633 F. Supp. 3d 769 (D.S.C. 2022) (grant of summary judgment to employees in overtime action for waste disposal drivers who were not paid overtime wages and who were not subject to Motor Carrier Act exemption); *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302 (D.S.C. 2019) (overtime claim for cable installation workers classified as independent contractors); *Hart v. Barbeque Integrated, Inc.*, 299 F. Supp. 3d 762 (D.S.C. 2017) (hybrid collective and class action

3

asserting claims under FLSA and various state wage laws for tip credit violations on behalf of thousands of tipped workers at nationwide restaurant chain); *Turner v. BFI Waste Servs., LLC*, 292 F. Supp. 3d 650 (D.S.C. 2017) (regular rate claim for waste disposal drivers paid on a purported "day rate"); *Graham v. Hall's S. Kitchens, LLC*, Civil Action No. 2:18-cv-02621-RMG, 2019 U.S. Dist. LEXIS 121615, at *10 (D.S.C. July 22, 2019) ("Plaintiffs' counsel has extensive experience in FLSA litigation.") (hybrid collective and class action for tip credit violations); *Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016) (dual jobs regulation and 80/20 violations, which were issues of first impression in the Fourth Circuit); *Corominas v. ACI Holdings, LLC*, No. 2:15-cv-4372-PMD, 2016 U.S. Dist. LEXIS 191850 (D.S.C. Oct. 27, 2016) (claims for violation of dual jobs regulation and 80/20 rule, failure to provide tip credit notice, and deductions for uniforms and customer walkouts); *Salvo v. SSWNN Corp.*, No. 2:17-1266-RMG, 2019 U.S. Dist. LEXIS 12661 (D.S.C. Jan. 25, 2019) (alleging violations of dual jobs regulation, 80/20 rule, failure to provide proper tip credit notice, and taking improper uniform deductions). These and other cases have successfully recovered owed wages for thousands of working people.

11.    I have also served as class counsel in other types of employment law and civil rights cases, including class action lawsuits involving challenges to the use of background and credit check information in employment decisions as having a racially disparate impact on African American job applicants under Title VII of the Civil Rights Act of 1964. *Robinson v. Carolina First Bank NA*, No. 7:18-cv-02927-JDA, 2019 U.S. Dist. LEXIS 103831, at *44 (D.S.C. June 21, 2019) ("The attorneys at Falls Legal, LLC who prosecuted this case are experienced class action and employment lawyers with good reputations among the class action and employment bars.").

12. I have served as an expert witness in the area of employment law, more specifically on the topic of the at-will employment doctrine in South Carolina, for a case pending in the Canadian Ontario Superior Court of Justice (case number CV-11-107559-00).

13. The procedural history of this action is set forth in the Memorandum in Support of Plaintiffs' Unopposed Motion for Approval of FLSA settlement submitted herewith.

14. I believe that the settlement in this case is reasonable and in the best interests of the collective group of Plaintiffs in light of the likelihood of success on the merits when weighed against the risks attendant with continued litigation. The settlement was reached after a full day of mediation with Michael Russell, Esq., a nationally recognized mediator who is experienced in wage and hour collective actions.

15. The total settlement amount provides for a monetary recovery of approximately 83.22% of the Plaintiffs' unpaid overtime wages arising from unpaid meal periods over the course of a two-year period. Each Plaintiff's damages and associated recovery under the settlement are based on the number of automatic meal period deductions taken against each Plaintiff's wages during their employment with McLeod.

16. Additionally, in the months following the filing of this action in January 2022, McLeod discontinued its policy of taking automatic deductions from the wages of its patient-facing healthcare workers for meal periods, which was the subject of this litigation.

17. Plaintiffs' counsels' firms agreed to take this case on a contingency basis with the agreement that the attorneys' fees would be the greater of (1) forty (40%) percent of the total recovery or (2) the lodestar amount. Although the total combined lodestar for Plaintiffs' counsels' firms exceeds 40% of the total recovery, we have elected to accept the 40% contingency fee as part of the settlement agreement achieved at mediation.

18. This case required substantial time and effort, including 374.8 hours of my firm's services.

19. This time commitment precluded my firm from performing other available work and from taking on other viable cases during the relevant period of time.

20. I have thoroughly reviewed my law firm's contemporaneous time entries relating to this case, which have been recorded through computerized time-keeping software. I believe that all time recorded is reasonable and was necessary in the prosecution of this case.

21. Based on my firm's current regular hourly rate of $400 per hour for partners that my firm charges to hourly paying clients, my firm's reasonable lodestar through the date of this declaration is $149,920.00.

22. The total costs expended by both Plaintiffs' counsels' firms and the costs of settlement and notice administration total $44,995.90. These costs are set forth in Exhibit 2-A attached hereto.

23. I declare under penalty of perjury that the foregoing is true and correct.

                                                                              s/ J. Scott Falls
                                                                              J. Scott Falls

Charleston, South Carolina
November 16, 2023

# EXHIBIT 2-A

Costs and Expenses

| **Payor** | **Description** | **Amount** |
|---|---|---:|
| U.S. District Court | Complaint Filing Fee | $402.00 |
| U.S.P.S. | Certified Mail (Service) | $9.48 |
| U.S. District Court | Pro Hac Filing Fee 1 | $350.00 |
| U.S. District Court | Pro Hac Filing Fee 2 | $350.00 |
| Texas Bar | Certificate of Good Standing 1 | $25.00 |
| Texas Bar | Certificate of Good Standing 2 | $25.00 |
| Simpluris | Notice Mailing | $18,153.90 |
| Michael Russell, Esq. | Plaintiffs' Portion Mediator Fee | $8,378.56 |
| Falls Legal, LLC | Falls Travel Costs for Mediation | $350.00 |
| ILYM | Settlement Administration | $13,299.00 |
| Adobe Acrobat Pro | Adobe Services (Discovery) | $292.14 |
| Adobe E-Sign | E-Sign for Email Notice | $1,044.82 |
| Westlaw | Research Services | $1,863.12 |
| Pacer | Documents | $13.40 |
| Docketbird | Documents | $75.00 |
| Anderson & Alexander | Copies & Postage | $364.48 |
| | **TOTAL** | **$44,995.90** |