IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Caroline Perry, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>McLeod Healthcare Network, LLC,<br>    Defendant. | Civil Action No. 4:22-cv-00061-JD<br><br>**ORDER APPROVING SETTLEMENT OF FLSA COLLECTIVE ACTION** |

  This matter is before the Court by way of Plaintiff's Unopposed Motion (DE 108) requesting approval of the Settlement Agreement reached between the Parties. Plaintiff commenced this action alleging that Defendant violated certain provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including § 207, pertaining to the payment of overtime wages, and the South Carolina Payment of Wages Act (hereinafter "SCPWA"), as stated in their Amended Complaint (DE 104). Defendant answered the Amended Complaint denying any liability under the FLSA and SCPWA and pled various defenses. (DE 107). A joint motion for conditional certification of a collective action was filed and granted. (DE 27, 37.) Notice was later provided to the putative plaintiffs. There are disputes between the Parties as to the underlying facts and the controlling law. Still, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty about liability and damages and the estimated future costs of litigation.

  The settlement of FLSA claims outside the context of Department of Labor-supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); Clark v. Ecolab Inc., 2010 WL

1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc., 679 F.2d at 1354.

After due consideration and inquiry into the circumstances of the proposed settlement of Plaintiff's claims against Defendant, and review of the Settlement Agreement, I find and conclude that the proposed settlement here meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The receipt of payment by each plaintiff in this matter shall constitute an accord, satisfaction, and release of any and all wage and hour claims they may have against Defendant arising out of their employment with Defendant.

Based on Plaintiff's unopposed request to approve the settlement and after review of the Settlement Agreement, the Court approves the Settlement Agreement as requested. The Court approves the procedure outlined in the Settlement Agreement for payment of future claimants out of the Reserve Fund. Further, the Court approves Plaintiff's Counsel's requested fees and costs and the Service Awards to the Named Plaintiff and other identified individuals in the amounts set forth in the Settlement Agreement and accompanying Memorandum. The Court hereby dismisses this action with prejudice and shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made.

**IT IS SO ORDERED.**

Florence, South Carolina
December 1, 2023

Joseph Dawson, III
United States District Judge